JOSEPH TODOROWSKI, Plaintiff, v. JOHN TODOROWSKI et al., Defendants.

Supreme Court, Special Term, Queens County, August 9, 1962.

George W. Herz for plaintiff. Simons & Barse for defendants.

ANTHONY M. LIVOTI, J. The plaintiff in this action seeks to set aside the sale of the corporate stock previously owned by one of the defendants, Walter Todorowski. The corporate stock in question has been sold to Fred H. Huber, also a defendant in this action.

Plaintiff contends that the sale of this stock to defendant Huber was in violation of an agreement entered into between the individual defendants and plaintiff.

Plaintiff Joseph Todorowski, defendants John and Walter Todorowski each owned one third of the shares of stock of Van Brunt Riverview Tavern, Inc., Riverview Bar, Inc., and J. W. J. Realty Corp. There came a time when defendant Walter Todorowski indicated to John and Joseph that he was desirous of disposing of his stock in these corporations. According to the testimony adduced at the trial of this action, he then, pursuant to the terms of the stockholders' agreement, offered John or Joseph an opportunity to purchase this stock. It was in the course of the discussion revolving around the fixing of terms that Walter Todorowski became aware of and anticipated that the remaining stockholders would not purchase the stock. At this time he advised them that if they did not close the transaction, transferring his stock over to them, he would feel free to negotiate for the sale of the stock in question to a third party.

There were four meetings between the parties during which the sale of the stock to Joseph and John Todorowski was dis-

cussed. At the fourth meeting between the parties Joseph Todorowski and his attorney refused to conclude the transaction. It was then that Walter Todorowski sold his shares of stock to Fred H. Huber. It then being necessary to secure the approval of the State Liquor Authority approving said sale, an application was made authorizing the sale from Walter Todorowski to Fred H. Huber. At a hearing before the State Liquor Authority plaintiff appeared and contested the granting of the Authority's approval of the application. At the conclusion of the hearing the application was approved permitting the transfer of the stock to defendant Huber.

Plaintiff, after the contract of sale has been concluded and approved by the State Liquor Authority seeks to set aside the sale and to compel defendant Huber to reassign the stock to the plaintiff.

It is this court's opinion that plaintiff's refusal to purchase the shares of stock released the selling stockholder and acted as a termination of the agreement. The termination of this agreement, by reason of this refusal, led to a change in the relationship and thereby all the parties became individual stockholders of the corporation, each owning their respective shares free from any impediments.

It then follows that plaintiff, by his action in terminating the stockholders' agreement with respect to the parties thereto, precluded himself from protesting or questioning the sale to defendant Huber or any other third party. Accordingly, judgment is rendered in favor of the defendants dismissing the complaint.