Frank J. Kronenberg, J.
This is an action by Peter L. Battista, plaintiff, one of several members of a partnership known as Northville Downs.
The partnership operates a race track at Northville, Michigan. Northville Downs has been in operation since 1944 and the defendant, John J. Carlo, has been its manager.
Plaintiff seeks an injunction against the sale of a portion of an interest in the partnership. The partnership interests were divided into “units” and the sale of the units in question belonged to the estate of Leo Sauer, a deceased partner.
Plaintiff further seeks a cancellation and rescission of certain sales of partnership units by the Leo Sauer estate which have already been consummated.
*496 First, plaintiff’s motion to amend the complaint herein to seek a determination of the voting rights of the parties, is not timely, and therefore must be denied.
Plaintiff contends that paragraph 16 of the partnership agreement dated January 2, 1964 between the deceased, Leo Sauer, the plaintiff, Peter L. Battista, and the defendants, John J. Carlo, Margaret Zayti, and Dorothy M. Eeed, prohibited the sale of an interest in the partnership to anyone without the written consent of all the partners.
Paragraph 16 is as follows: ‘1 The interest of any partners in the partnership may not be sold without the written consent of all the partners.”
It must be noted that both the past sales and the proposed sales which plaintiff seeks to have enjoined and rescinded are to other existing partners, and in no ease has a sale been made to persons other than present partners.
It must be further noted that from the outset of .the original partnership relationship, under agreements executed December 15, 1944, November 28, 1950, December. 20, 1954, November 1, 1956, October 1,1959 and January 2, 1964, there were numerous transfers of partnership units between partners, none of which had the written consent of the remaining partners. “ Does paragraph 16 of the partnership agreement of January 2, 1964, prevent a sale by the Leo Sauer estate of the interest of a deceased partner to a surviving partner without the written consent of all the partners or does paragraph 16 apply only to the sale to a ‘ non-partner ’ ? ”
The modus operandi of the partnership is uncontroverted:
(a) "Whenever a sale of a partnership interest was made to another partner, no written consent was ever obtained.
(b) "Whenever a sale of a partnership interest was made to a person not then a partner, either written consent was obtained or a new partnership agreement was executed.
There were no exceptions to this modus operandi in the 20 years of operation under the partnership agreements containing identical language.
Furthermore, the two partners who are now complaining of the Sauer estate transactions either fought or sold partnership shares without written consent of the other partners.
Does not it now appear that they are estopped from asserting otherwise? In City of New York v. New York City Ry. Co. (193 N. Y. 543, 548) the court stated as follows: “"When the parties to a contract of doubtful meaning, guided by self-interest, enforce it for a long time by a consistent and uniform course of conduct, so as to give it practical meaning, the courts will *497 treat it as having that meaning, even if as an original proposition they might have given it a different one.”
The conduct of the parties throughout their many years of association leave the inescapable conclusion that the partnership agreement, when properly construed, permitted the salé of the interest of any partner, including a deceased partner, to one or more of the other partners without the written consent of all the partners.
Consequently, the relief sought by the plaintiff is barred by the personal estoppel arising from plaintiff’s conduct. (See Todorowski v. Todorowski, 35 Misc 2d 980.)
Furthermore, to accept plaintiff’s theory in this matter might well condone an illegal and unreasonable restraint of the alienation of property. (See Rafe v. Hindin, 29 A D 2d 481.)
Therefore, this court must and does find that the restrictions imposed by paragraph 16 of the partnership agreement of January 2, 1964 apply to the sale of units to “ non-partners ” only.
It follows that this court must and does hereby vacate the order of the Hon. William B. Lawless dated December 14,1967, staying the transfer of the interests of the parties, and further, this court must and does hereby dismiss plaintiff’s complaint.